UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

SARTAJ CHAHAL, et al.,

        Defendants.

NO. Cr. S-09-125 FCD

MEMORANDUM AND ORDER

----oo0oo----

On February 3, 2010, plaintiff the United States of America (the "government") filed a motion to quash a subpoena served on United States Immigration and Customs Enforcement ("ICE") Special Agent Edwin Gould ("Gould") by defendant Sartaj Chahal ("defendant").[1]  Fed. R. Crim. P. 17(c)(2) (permitting the court upon a "motion made promptly" to "quash or modify [a] subpoena if compliance would be reasonable or oppressive").  The subpoena directs Gould to appear and testify at the hearing on defendant's motion to dismiss the indictment, set for February 8, 2010, and

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

orders Gould to produce at the hearing "any and all documents and records related to Sartaj Chahal." (Ex. A to Gov't MTQ.) The court has reviewed the government's motion and supporting exhibits thereto, and HEREBY summarily GRANTS the government's motion.

The subpoena is procedurally invalid as it does not comply with the express requirements of Rule 17(a) of the Federal Rules of Criminal Procedure. Specifically, Rule 17(a) requires that the "clerk" of the court "issue a blank subpoena-signed and sealed-to the party requesting it," who must then "fill in the blanks before the subpoena is served." The Rule is clear that the content of the subpoena must include "the seal of the court." Fed. R. Crim. P. 17(a). Here, defendant's subpoena does not include the seal of the court, and it was not signed by the Clerk of the Court.[2] Because the subpoena does not comply with the strictures of Rule 17, the government's motion is properly GRANTED solely on this procedural ground.

However, the court also notes that the government's motion is also properly granted on the basis that compliance with the subpoena is "unreasonable." Fed. R. Crim. P. 17(c)(2). Defendant's underlying motion to dismiss the indictment presents, in the first instance, a *legal* challenge to the indictment. The motion may well be resolved as matter of law. Moreover, even if the court must review the grand jury transcript in order to

---

[2] While counsel filled in the relevant information requested by the form, without the seal of the court and the Clerk's signature, the subpoena gives the misleading impression that it was issued by the court, since counsel has provided the undersigned's name on the form as well as the court's deputy clerk's name.

2

1  resolve the motion, presently there is no evidentiary hearing
2  set.  The matter is set on February 8 for oral argument on
3  defendant's motion.  Therefore, compliance with any subpoena to
4  appear for Monday's hearing or to produce documents is
5  unreasonable since such testimony and production of documents is
6  unnecessary to the hearing.
7      Accordingly, for all of these reasons, the government's
8  motion to quash the subpoena issued to Gould is GRANTED.  Gould
9  is not obligated to appear or produce documents at the hearing
10 set for February 8.
11     IT IS SO ORDERED.
12     DATED: February 4, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE