UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. Cr. S-09-125 FCD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| SARTAJ CHAHAL, et al., | |
| Defendants. | |

----oo0oo----

This matter is before the court on defendant Sartaj Chahal's ("Chahal") motion for a new trial. The court heard oral argument on the motion on September 19, 2011, and by this order now renders its decision on the motion.

**BACKGROUND**

Chahal moves for a new trial, arguing his conviction was unlawfully obtained on tainted testimony, including: (1) government witness Surinder Pal Singh's ("Surinder") untruthful testimony about his methamphetamine use after his arrest (perjured testimony which the government failed to correct); (2) Surinder's false testimony that he was not

1

receiving anything from the government in return for his testimony (which testimony was again not sufficiently corrected by the government); and (3) government witnesses Rajdeep Singh's and Hardeep Singh's incomplete testimony regarding their plea agreements.  Chahal alternatively argues he is entitled to a new trial based on a Brady violation by the government pertaining to the disclosure of Surinder's positive drug test.  Brady v. Maryland, 373 U.S. 83, 87 (1963).

**STANDARD**

Federal Rule of Criminal Procedure 33(a) provides in relevant part:  "The court may vacate any judgment and grant a new trial if the interest of justice so requires."  The Ninth Circuit has emphasized that a motion for new trial should only be granted in exceptional cases in which the evidence preponderates heavily against the verdict. United States v. Rush, 749 F.2d 1369, 1371 (9th Cir. 1984).  The burden of justifying a new trial rests with the defendant. United States v. Shaffer, 789 F.2d 682, 687 (9th Cir. 1986).

Under Rule 33(b)(2), a defendant must file a motion for a new trial "grounded on any reason other than newly discovered evidence" within 14 days after the verdict or finding of guilt. Here, the jury returned guilty verdicts against Chahal on April 20, 2010.  Chahal did not file the instant motion until July 11, 2011.  Thus, unless Chahal's motion is truly "grounded" on "newly discovered evidence," his motion is untimely and the court lacks jurisdiction to hear it. United States v. Lara-Hernandez, 588 F.2d 272, 275 (9th Cir. 1978).  Any motion grounded on newly discovered evidence may be filed within 3 years after the verdict

or finding of guilty.  Fed. R. Crim. P. 33(b)(1).

**ANALYSIS**

### 1. Timeliness of Motion

In response to the motion, the government first argues the motion should be denied because the at-issue evidence is not "newly discovered."  Regarding Surinder's positive drug test, the results were disclosed to the defense on April 21, 2010, the day after trial concluded.  The government argues that because the disclosure was made within the initial 14 day period prescribed by the Rule, the evidence should not be deemed newly discovered. Fed. R. Crim. P. 33(b)(2) (providing that "any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty").  As to Surinder's testimony regarding his plea agreement, the government emphasizes that the testimony was given during trial on April 13, 2010, and Surinder's plea agreement and Jenks statements were turned over to the defense prior to trial. Similarly, witnesses Rajdeep and Hardeep Singh testified during trial (on April 12, 13 and 14, 2010), and their plea agreements and Jenks statements were turned over to the defense prior to trial.

Evidence is considered "newly discovered" if it was disclosed *after* the time of trial.  United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991); United States v. Krasny, 607 F.2d 840, 843 (9th Cir. 1979).  Here, the above facts are not in dispute.  Thus, as to Chahal's arguments regarding Surinder, Rajdeep and Hardeep's plea agreement testimony, the motion is untimely.  Said testimony occurred *during* trial and all relevant

3

1  information pertaining to their plea agreements was provided to
2  the defense *prior* to trial.  Accordingly, the evidence is not
3  newly discovered, and the court must deny Chahal's motion for a
4  new trial to the extent it raises issues pertaining these
5  witnesses' plea agreement testimony.  Because the motion was
6  untimely filed on that issue, the court is without jurisdiction
7  to hear it.  Lara-Hernandez, 588 F.2d at 275.

8      However, as to the disclosure of Chahal's positive drug
9  test, the government received the results on April 19, 2010, a
10 day prior to the conclusion of trial.  The government did not
11 disclose the information to the defense until April 21, 2010--the
12 day after trial concluded on April 20.  As such, the disclosure
13 occurred *after* the time of trial (albeit by only one day), and
14 the court must therefore consider the evidence newly discovered.
15 The plain language of the Rule does not support any other
16 conclusion.  A 14 day period is prescribed for any motion not
17 grounded on newly discovered evidence.  The Rule does not define
18 "newly discovered evidence," and it does not state, as the
19 government argues, that any evidence disclosed 14 days after
20 trial shall not be considered "newly discovered."  Indeed, case
21 law interpreting Rule 33 has consistently held that "newly
22 discovered" means simply any evidence "discovered after the
23 trial."  See e.g. Krasny, 607 F.2d at 843.  The government fails
24 to cite, nor is the court aware of, any case where evidence was
25 not treated as newly discovered because disclosed within 14 days
26 of trial.  Here, because the government disclosed the results of
27 Surinder's drug test after the trial concluded, the evidence is
28 "newly discovered," and pursuant to Rule 33(b)(1), Chahal had 3

4

years in which to bring a motion for a new trial based on that evidence. The instant motion, filed approximately 15 months after trial, is timely.

### 2.  **Merits of Motion re: Surinder's Positive Drug Test**

On the merits of Chahal's motion, again the parties do not dispute the relevant facts. On April 13, 2010, Surinder testified that he had not used any drugs since the time of his arrest. Yet, on April 13, 2010, he provided a urine sample to Pretrial Services over the lunch hour which later tested positive for methamphetamine, amphetamine and hydrocodone. Chahal concluded his trial testimony that afternoon. The results of the urine test were thereafter disclosed to the government on April 19, 2010, the day before the trial concluded on April 20. The government disclosed the results of the test to Chahal's counsel on April 21.

To prevail on a claim that the government failed to correct testimony that it later learns is perjured, the defendant must show that: (1) the testimony was actually false; (2) the prosecution knew or should have known that the testimony was actually false; and (3) the false testimony was material. United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003). Here, Chahal's motion fails as he cannot establish the second or third elements of the test.

At the time of Surinder's testimony on April 13, the government did not know nor could it have known that Surinder's testimony was false. It only first became aware of that fact on April 19. Moreover, even if the government had an obligation to disclose the evidence on April 19, prior to the conclusion of

trial, Chahal cannot establish that the false testimony was "material." Materiality must be evaluated in the "context of the entire record." United States v. Agurs, 427 U.S. 97, 112 (1976). "If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." Id. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt." Id.

In this case, the additional evidence of Surinder's positive drug test could not have altered the result of the trial because the government presented overwhelming evidence of Chahal's guilt on both counts of conspiracy to distribute and possess with intent to distribute MDMA (21 U.S.C. §§ 841(a)(1), 846) and possession with intent to distribute MDMA (21 U.S.C. § 841(a)(1)), including:

> (1) Testimony from witnesses Lai Tai Saechao ("Saechao"), Ramandeep Sandhu ("Sandhu"), and Rajdeep and Hardeep Singh who all provided direct, inculpatory evidence of Chahal's leadership of the MDMA trafficking conspiracy.[1]

---

[1] For example, Rajdeep Singh testified he stored and distributed MDMA for Chahal. After receiving MDMA from Chahal, Rajdeep testified he would then distribute 50,000 to 100,000 MDMA pills to a DEA confidential source (Saechao) and other drug traffickers in the Eastern District of California and elsewhere. Rajdeep testified he enlisted the help of Surinder and Hardeep to store and distribute MDMA in the Elk Grove area. Hardeep testified about trips to Los Angeles and Tracy where he met with Chahal and delivered money to him derived from the MDMA sales. Saechao testified that he regularly obtained large quantities of MDMA from Rajdeep, Surinder and Hardeep. On one occasion, Saechao testified he met with Chahal and Rajdeep concerning an

  (2) These witnesses also provided independent corroboration of Surinder's testimony because many of the conspiracy's events were experienced by more than one member. For example, Hardeep testified about multiple trips to drop drug money off to Chahal in Los Angeles and Tracy while traveling with Surinder. Similarly, Rajdeep and Sandhu testified about Surinder's involvement in assisting the distribution of Chahal's MDMA and the collection of the MDMA proceeds.

  (3) Also, Chahal's own inculpatory words and conduct during a recorded and surveilled meeting with Rajdeep on January 20, 2009, provided additional damaging evidence in support of Chahal's convictions. In this meeting, Chahal told Rajdeep that he had spoken with the Canadian MDMA suppliers and the suppliers believed Chahal and Rajdeep owed them for the loss of 140,000 MDMA pills seized by the government in 2008. Chahal stated that the suppliers said he and Rajdeep could pay back the drug debt in slow increments. Chahal added that there was more MDMA due to arrive in California at the end of January.

---

alleged dispute he had over the quality of the pills; Saechao testified that Chahal exercised authority to decide if Saechao would receive a refund. Finally, Sandhu testified that he was a talented field hockey player when Chahal recruited him into the world of drug trafficking. At Chaal's urging, Sandhu agreed to distribute large quantities of MDMA for Chahal, sometimes picking up shipments from Rajdeep and other times delivering shipments to Rajdeep, Surinder and Hardeep. Significantly, Sandhu also testified to a number of drug dealings with Chahal in 2009, *after* the arrest of certain of the co-defendants in November 2008.

(4) A federal search warrant at Chahal's residence uncovered a large amount of currency[2] consistent with drug trafficking proceeds.

These overlapping layers of corroborating evidence diminish the importance of a positive drug test by Surinder. See e.g. United States v. Gilbert, 668 F.2d 94 (2nd Cir. 1981) (recognizing that additional evidence tending to further impeach the credibility of a witness, whose character is already shown to be questionable, is not likely to alter the outcome of a trial with overwhelming evidence of guilt). Like in Gilbert, here, the jury could have disbelieved Surinder's testimony entirely[3] and nonetheless convicted Chahal on the basis of evidence from other sources.

It is also noteworthy that in this case Chahal's defense was primarily a legal one--that he engaged in the charged drug trafficking because he was acting under the authority of government ICE agents (the so-called "public authority" defense). Due to that defense, Chahal did not vigorously challenge the testimony of the various cooperating co-defendants, including Surinder, who testified against him. Thus, Chahal's argument now, that Surinder's positive drug test would have proved to be critical impeachment evidence rings hollow. At the time of trial, in large part, Chahal chose to not challenge the factual

---

[2] ($24,790 in $100s, $50s, and $20s hidden under the bathroom sink in the master bedroom)

[3] Indeed, Surinder admitted to extensive past drug use and freely acknowledged his varied criminal acts, including his significant participation in the drug conspiracy at issue in this case.

accounts of the government witnesses.  He cannot now, through a new trial motion, change the theory of his case.  See <u>United States v. Olender</u>, 338 F.3d 629, 636 (6th Cir. 2003) ("A party who desires to present his case under a different theory in which facts available at the original trial now first become important, will not be granted a new trial.") (internal citations omitted).

Ultimately, because there is "no reasonable doubt about guilt [in this case] whether or not the additional evidence [of Surinder's drug test] is considered," there is no justification for a new trial and Chahal's motion must be denied.  <u>Agurs</u>, 427 U.S. at 113.

### 3. **Alleged Brady Violation**

Finally, as to Chahal's alternative argument under <u>Brady</u>, to receive a new trial because of a <u>Brady</u> violation, a defendant must show: "(1) the evidence was exculpatory or impeaching; (2) it should have been, but was not produced; and (3) the suppressed evidence was material to his guilt or punishment." <u>United States v. Antonakeas</u>, 255 F.3d 714, 725 (9th Cir. 2001). Here, the government concedes the evidence of Surinder's positive drug test is impeachment evidence relating to a government witness, and Chahal is correct that the evidence was not timely produced for <u>Brady</u> purposes.  See <u>Cone v. Bell</u>, 129 S.Ct. 1769, 1783 n. 15 (2009).  The government received the information on April 19 and could have produced the results to the defense prior to the conclusion of trial on April 20, but it did not.

However, the failure to timely disclose the results is not determinative of the issue because the evidence was not material. "Evidence is material under <u>Brady</u> only if there is a reasonable

probability that the result of the proceeding would have been different had it been disclosed to the defense." Id.  In this case, the evidence was not ultimately material to the finding of guilt.  Surinder testified about his prior, regular drug use. Any further evidence of his *continued* drug use, had it been timely disclosed to the defense, would not have added significant impeachment material considering, as described above, the overwhelming, independent evidence of Chahal's guilt presented at trial.  See United States v. Inzunza, 638 F.3d 1006, 1021 (9th Cir. 2011) (finding duplicate grounds for impeachment not material under Brady).  Accordingly, the court cannot find a Brady violation in the government's failure to timely disclose the results of Surinder's drug test.

## CONCLUSION

For all of the foregoing reasons, Chahal's motion for a new trial is DENIED.  The sentencing hearing is confirmed for September 30, 2011.

IT IS SO ORDERED.

DATED:  September 23, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE